UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HOWARD ALAN ZOCHLINSKI,

    Plaintiff,    CIV S-04-1702 DFL PAN PS

   v.

THE UNIVERSITY OF CALIFORNIA,  Findings and Recommendation
et al.,

    Defendants.

—o○o—

  On August 19, 2004, defendants removed this action from
Yolo County Superior Court and moved to dismiss the complaint.
On November 30, 2004, the court vacated the hearing on
defendants' motion and ordered plaintiff to show cause why the
action should not be dismissed for plaintiff's failure to oppose.
Plaintiff thereafter filed a motion to remand, an opposition, and
a "pleading to show cause for not granting motion to dismiss."

  The order to show cause is discharged.

1    Removal of this action pursuant to 28 U.S.C. §§ 1331 and

2    1441(b) more than one year after it was filed in state court on

3    July 25, 2003, satisfied the requirement of section 1446(b) that

4    "[t]he notice of removal of a civil action or proceeding shall be

5    filed within thirty days after the receipt by the defendant,

6    through service or otherwise, of a copy of the initial pleading.

7    . ."   The Regents of the University of California, the first

8    defendants served in this action, were served with the summons

9    and complaint on July 20, 2004.  See Notice of Removal and

10   Exhibit B thereto.

11        Plaintiff's motion to remand, presented 104 days after

12   removal, is untimely.  The court may consider a motion to remand

13   filed more than 30 days after removal only for lack of subject

14   matter jurisdiction.  See 28 U.S.C.A. § 1447(c) ("A motion to

15   remand the case on the basis of any defect other than lack of

16   subject matter jurisdiction must be made within 30 days after the

17   filing of the notice of removal under section 1446(a)").  "[A]

18   district court exceeds its authority in remanding on grounds not

19   permitted by § 1447(c)."  Maniar v. F.D.I.C., 979 F.2d 782, 785

20   (9th Cir. 1992) (citations and internal quotations omitted).  The

21   court may not consider plaintiff's untimely procedural

22   challenges.[1]

23   _____

24       [1] Plaintiff's challenges are without merit nevertheless.  Plaintiff
     asserts that service upon defendants was effected July 19, not July 20, and
     defendants' removal August 19 was therefore one day past the statutory
25   deadline of 28 U.S.C. § 1446(b).  Plaintiff has submitted not a proof of
     service but a partial Superior Court docket which provides in pertinent part,
26   "Served: University of California, Davis Campus with Summons, Complaint,

1    Plaintiff's motion to remand is denied.

2    Plaintiff's 70-page complaint alleges civil rights and

3  other violations by the University of California, eleven of its

4  "subdivisions" and nearly one hundred past and present officers,

5  employees and regents.  The factual recitation spans a 34-year

6  period commencing 1971 when plaintiff was a student at U.C. Santa

7  Barbara, allegedly arrested and beaten by University police for

8  anti-war activities and his Jewish ancestry and religion, and

9  gang raped while incarcerated at the behest of defendant

10  University Officer John Jones, Jr.  Plaintiff asserts these

11  incidents caused him severe clinical depression and post-

12  traumatic stress disorder which continue in varying degree to the

13  present.

14    Plaintiff pursued his education elsewhere until 1984 when

15  he enrolled in a Ph.D. program at U.C. Davis.  He asserts that

16  from 1984 to 1992 the University systematically discriminated and

17  retaliated against him, unfairly limited his campus activities

18

---

19  Notice of Inclusion by Serving Jean Seaton, Legal Office Clerk on 7-19-04."
    Defendants persuasively argue that plaintiff's purported service upon a "legal
20  office clerk" for the "University of California, Davis Campus" was ineffective
    "since U.C. Davis is not a separately incorporated entity and therefore not an
21  appropriate defendant or entity authorized to accept service on behalf of the
    Regents or other individual defendants and Ms. Seaton, an employee of the
22  Regents, is also not authorized to accept service on behalf of the Regents or
    the other individual defendants."  Defendants' December 7, 2004, Response, at
23  p. 2; Fed. R. Civ. P. 4(h) (requiring service upon an authorized agent).  In
    contrast, the copy of the summons provided by defendants bears a handwritten
24  notation on the top right, "DMR 7/20 11:33 accepted for Regent M'y."
       Plaintiff's second argument is that defendants' waived their right to
25  removal because their legal counsel was informed of this action when plaintiff
    filed it.  Service of process, not informal notice, is required by the Federal
26  Rules.  See Fed. R. Civ. P. 4(m), 12(b)(5) and (6).

and prevented him from completing his degree or obtaining employment with the University.  Plaintiff alleges that in November 1992 he was again arrested by Officer Jones, who had transferred to the Davis campus and plaintiff was charged with but not prosecuted for stalking.  Plaintiff asserts the arrest "was a strictly race-based invidious action, without probable cause" and triggered "[p]laintiff's relapse in severe clinical depression."  Complaint, p. 11.  Plaintiff was disqualified from pursuing further studies at the University, administrative holds were placed on his records, and plaintiff met with unsatisfactory results in appealing to the administration.

Plaintiff states that in 1993 he experienced yet "another false and malicious arrest and prosecution" resulting in trial and acquittal; the charge is not identified but plaintiff states the "perpetrator . . . had been protected from prosecution by the U.C. authorities."  Complaint, p. 12.  In 1994, University police allegedly assaulted plaintiff while he stood in line to meet the Chancellor.

The next 38 pages of the complaint purport to recount plaintiff's attempts from August 2000 to July 2003 to seek reinstatement as a graduate student at U.C. Davis.

Plaintiff asserts without citation that defendants may be sued for conduct that occurred within the three years preceding the filing of plaintiff's complaint.  However these purportedly current facts are replete with incidents from the preceding 34 years.  Plaintiff claims, for example, that the Graduate Student

4

Handbook in place from 1977 to 2001 permitted his readmission despite adverse interpretation by the University, and that its rewording in 2001 to expressly forbid readmission of disqualified graduate students was both retaliatory and an ex poste facto law as applied to plaintiff.  Plaintiff also claims that since 2001 University officials have made libelous statements about plaintiff and his past activities.

The first four pages of plaintiff's complaint caption multiple causes of action.[2]  The conclusion of his complaint

[2]  Plaintiff names the following causes of action at the beginning of his complaint (Complaint, at pp. 1-4):  "Complaint for Injuries/Damages and Suit in Equity for: Civil Rights Violations, Harassment, Discrimination & on Basis of Race, Religion, Sex, Disability and Perceived/Alleged Disability; General Retaliation; Retaliatory Actions for Past Complaints to Government Officials & the Press ("Whistle Blowing"), and for Filing Suits for Various Past Civil Rights; Police Threat & Intimidation & Abusive/Illegal Use of Police Power; Interference with Education and Career; Conspiracy to Harass and Discriminate on the Basis of Race, Religion, Sex Disability and Perceived Disability; Harassment and Discrimination of the Basis of Non-White Status; Deliberate/Intentional and/or Negligent Infliction of Emotional/Psychological Stress/Distress & Mental Suffering; Cruel and Unusual Punishment; Deliberate/Intentional and /or Negligent Damage to, Interference with and Destruction of the Plaintiff's Intended Educational Prospects, Goals & Opportunities and Deliberate/Intentional and/or Negligent Damage to, Interference with and Destruction of Plaintiff's Job Prospects, Career & Career Goals with Associated Violations of Plaintiff's Liberty and Property Rights; Medical Damages, Psychological Damages; Obstruction of Justice' Extortion Under Color of Authority; Contract Violations; Fraud of All Types; Violation of the Rights of Freedom of Speech and Assembly; Crime Victim Restitution; RICO Violations & Criminal Actions Under Color of Authority; Deliberate and/or Negligent Misuse of Personnel under Color of State Authority; Deliberate and/or Negligent Mistraining of Personnel; Harassment and Discrimination of the Basis of Disability; False Imputation of Metal [sic] Disability to Interfere with Educational and Employment Prospects; Retaliatory Actions Designed to Accomplish Any of the Above; General Retaliation; Conspiracy [to] Harass, Discriminate Against & Violate the Civil Rights of Plaintiff and Conspiracy to do Any and/or All of the Above; Punitive and Exemplary Damages and Other Damages and Penalties as the Court see Fit to Award; Equitable Damages in the Form of Ph.D. Degree, Tenured Professorship with No Responsibilities Other Than Pure Research, A Fully Equipted [sic] Molecular Genetics Lab with Funding at Suitable Levels for the Remainder of

formally asserts causes of action for discrimination, retaliation
and deprivation of civil rights based on tort and contract law,
and asks the court to fashion appropriate additional causes of
action.[3]  Complaint, at pp. 62-68.

Plaintiff's Active Life, with a Staff of, Minimum 10 Research Associates, Grad
Students, Technicians and a Secretary; This Suit is in the Nature of a Class
Action as well as a Personal Injury Suit, the Classes in Question Being
Ashkenazi Jews, Women, Africa-Americans, Hispanic-Americans, Individuals
Disabled by Clinical Depression and Other Emotional/Mental Conditions,
Particularly Graduate Students of the University of California in Any of the
Aforementioned Groups and U.S. Students in General Who Are in Need of
Protection. This Suit Also Challenges the Constitutionality of California
Government Code Section 821.6."

[3]  Plaintiff formally asserts the following causes of action at the
conclusion of his complaint (Complaint, at pp. 62-68):

**First Cause of Action**-Intentional Tort:  Deprivation of Civil
Rights:  University Defendants-Interference with Educational and
Career Goals and Advancement; Breach of Contract

**Second Cause of Action**-Intentional/Negligent Tort:  Deprivation of
Civil Rights:  University Defendants-Interference with Educational
and Career Goals and Advancement; Breach of Contract

**Third Cause of Action**-Intentional Tort:  Deprivation of Civil
Rights:  University Defendants-Interference with Educational and
Career Goals and Advancement; Breach of Contract-Libel, Slander
and Defamation of Character

**Fourth Cause of Action**-Intentional Tort:  Deprivation of Civil
Rights:  University Defendants-Interference with Educational and
Career Goals and Advancement; Breach of Contract-Fraud, Libel,
Slander and Defamation of Character

**Fifth Cause of Action**-Deprivation of Civil Rights &
Discrimination:  University Defendants

**Sixth Cause of Action**-Deprivation of Civil Rights, California C.C.
[Civil Code] §§ 51, 51.5, 51.7, 52, 52.1, and 52.3:  All
Defendants

**Seventh Cause of Action**-As Court Deems Appropriate Based on the
Facts

**Eighth Cause of Action**-Special Allegation of Conspiracy

Plaintiff seeks $350 million in damages, the court's "assumption of jurisdiction over the University of California," a tenured professorship "with a completely equipped and staffed molecular biology lab[,] no duties other than research and training of graduate students—no bureaucratic or teaching duties," and a restraining order proscribing defendants' entry on or proximity to plaintiff's property.  Complaint, at pp. 68-69.[4]

---

**Ninth Cause of Action**-Declaratory Relief:  That California Government Code § 821.6 is Unconstitutional

[4]  Plaintiff makes the following additional demands for relief (Complaint, at pp. 68-69):

    a.    That this Court assume jurisdiction over the University of California or, in the alternative order the University of California to reinstate Plaintiff subject to the rules as they existed prior to the false accusations, and allowed to complete his dissertation, or awarded his Ph.D. without further requirements;

    b.    That, as equitable relief for damage to Plaintiff's career, he be given a tenured professorship at the U.C. campus of his choice, with a completely equipped and staffed molecular biology lab no duties other than research and training of graduate students—no bureaucratic or teaching duties.

    c.    That this Court issue an injunction enjoining defendants from continuing their discriminatory conduct toward minority students and Plaintiff in particular;

    d.    That the University of California be enjoined from further violations of Plaintiff's rights of due process and equal protection under the law, and the University be ordered to hold full, open and public hearings on the issues Plaintiff has demanded as his right, and that clear, concise guidelines be published as to the rights of students that U.C. officials must adhere to regardless of the students['] category, political beliefs, race, financial or class status;

    e.    That the University be ordered to cease it[s] campaign of retaliatory actions toward plaintiff and pay damages for

1     The complaint includes a "motion for class certification"

2  for "Ashkenazi Jews, African-Americans, Asian-Americans,

3  Hispanic-Americans, women, individuals disabled by clinical

4  depression and other emotional/mental conditions, and sexual

5  minorities, particularly graduate students of the University of

6  California in any of the aforementioned groups and U.C. students

7  in general."  Complaint, at pp. 61-62.

8     This complaint is strikingly similar to plaintiff's

9  complaints filed in this court in two prior actions, both

10  dismissed after repeated opportunities to amend.

11     The first case was <u>Howard Alan Zochlinski v. County of</u>

12

13

14  _____

15              past actions as prayed for infra;

16     f.     That, in the interest of justice and for the protection of
              the students and faculty of the University of California, a
              system of civilian-i.e. faculty and student-review of
17             complaints against UCDPD officers be established, with full
              rights to fire police officers found to be a danger to the
18             rights and safety of members of the student community;

19     g.     That Plaintiff be permitted to re-enroll in his former field
              of study with full credit for past accomplishments under the
20             rules as published during his time at the University and,
              further, that a system be established to assure that all
21             students had equal rights under the bylaws of the University
              and are informed accordingly.

22
       In addition . . .Plaintiff is entitled to reinstatement to
23             the doctoral program, or his doctoral degree, his work
              having been completed and the minimum requirements
24             fulfilled. . . . As further equitable relief, Plaintiff
              further asks that Defendants be restrained: (a) From
25             entering onto or approaching within 100 yards of Plaintiff's
              property; without a search warrant or other probable cause .
26             . .

1  <u>Yolo et al.,</u> Civ. S 95-1687 DFL DAD PS, filed in 1995[5] against the

2  Yolo County District Attorney's Office, the U.C. Davis Police

3  Department, U.C. Davis administrators and regents, and others

4  alleging civil rights violations based on plaintiff's 1993 and

5  1994 arrests and his disqualification from U.C. Davis commencing

6  December 1992.  The initial 204-page complaint was lodged with an

7  application to proceed in forma pauperis.  The Honorable David F.

8  Levi granted plaintiff's application but dismissed the complaint

9  as frivolous under former 28 U.S.C. § 1915(d)[6] for failure to

10 comply with Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain

11 statement of the claim showing that the pleader is entitled to

12 relief").  Judge Levi found the complaint "a rambling and

13 unintelligible two-hundred page document that names over sixty-

14 one defendants and alleges discrimination spanning three

15 decades."[7]

16

17    [5]  Plaintiff initially lodged the complaint on June 5, 1995, in the U.S.
   District Court for the Northern District of California. The Northern District
18 transferred the case to this district by order filed August 28, 1995.

19    [6]  Former 28 U.S.C. § 1915(d) provided that upon the filing of an
   application to proceed in forma pauperis "[t]he court . . . may dismiss the
20 case . . . if satisfied that the action is frivolous or malicious."

21    [7]  Judge Levy reasoned (January 22, 1996 Order at p. 2):

22    Plaintiff's complaint is a rambling and unintelligible two-hundred
      page document that names over sixty-one defendants and alleges
23    discrimination spanning three decades.  The court has determined,
      therefore, that the complaint does not contain a short and plain
24    statement of the claims as required by Fed. R. Civ. P. 8(a)(2).
      Although the Federal Rules adopt a flexible pleading policy, a
25    complaint must give fair notice and state the elements of the
      claim plainly and succinctly.  <u>Jones v. Community Redevelopment</u>
26    <u>Agency of Los Angeles</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Because
      plaintiff has failed to comply with the requirements of Fed. R.

After repeated extensions of time, plaintiff filed a 50-page amended complaint on March 14, 1996, which Judge Levi again dismissed as frivolous under former 28 U.S.C. § 1915(d) for failure to comply with Rule 8(a).  Judge Levi noted that some claims were clearly time-barred and "it is impossible to discern from plaintiff's rambling complaint which of the more than sixty named defendants are sued under the claims that may be timely."  The dismissal was without prejudice to further amendment under the in forma pauperis statute or payment of the filing fee.[8]

Plaintiff lodged a second amended complaint (captioned "First Amended Complaint") on June 3, following additional extensions of time, which Judge Levi again dismissed pursuant to

---

Civ. P. 8(a)(2), the complaint must be dismissed as frivolous.

[8]   Judge Levi reasoned (April 3, 1996 Order, at pp. 2-3):

A review of the complaint reveals that many of plaintiff's claims are frivolous because they are clearly time-barred.  See Cal. Code Civ. Proc. § 340 (one year statute of limitations for claims of malicious prosecution, battery, intentional infliction of emotional distress); DeAnza Properties, Ltd. v. County of Santa Cruz, 936 F. 2d 1084, 1085 (9th Cir. 1991) (one year statute of limitations for section 1983 claims in California).  Further, it is impossible to discern from plaintiff's rambling complaint which of the more than sixty named defendants are sued under the claims that may be timely.  The court will not order the Marshal's service to serve each and every named defendant when plaintiff has again failed to submit a short and plain statement of his claim as required by Fed. R. Civ. P. 8(a).
    Accordingly, plaintiff's application to proceed in forma pauperis is denied, and his complaint dismissed without prejudice under 28 U.S.C. § 1915(d).  If plaintiff wishes to proceed upon his complaint as currently filed, he may pay the filing fee and serve the defendants at his own expense.  If plaintiff persists in his desire to obtain in forma pauperis status, he must file within 21 days a complaint that is reasonably succinct and that clearly sets forth which defendants are sued under which causes of action.

former 28 U.S.C. § 1915(d) for failure to comply with Rule 8(a).[9]

Judge Levi ruled, "The court will entertain no further requests

from plaintiff to proceed in forma pauperis.  If plaintiff seeks

to proceed further in the action, he must pay the filing fee and

serve defendants."  February 14, 1997, Order, at p. 2.

Plaintiff appealed to the Ninth Circuit which denied

plaintiff's application to proceed there in forma pauperis and

ruled, "The district court properly denied Zochlinski's request

---

[9]  The final complaint dismissed in <u>Howard Alan Zochlinski v. County of Yolo et al.</u>, Civ. S 95-1687 DFL DAD PS, named approximately 67 defendants and captioned nearly 30 causes of action distilled in the text to the following nine:

**First Cause of Action**-Intentional Tort:
Plaintiff v. Yau [graduate student who accused plaintiff of stalking]

**Second Cause of Action**-Deprivation of Civil Rights:
Yau, University and County Defendants

**Third Cause of Action**-Deprivation of Civil Rights:
University and Yolo County

**Fourth Cause of Action**-Deprivation of Civil Rights:
University Defendants Only

**Fifth Cause of Action**-Discrimination and Civil Rights:
University Defendants and UC Regents

**Sixth Cause of Action**-California Civil Rights:
C.C. [Civil Code] §§ 51, 51.5, 51.7, 52, and 52.1:
All Defendants

**Seventh Cause of Action**-False Arrest:
Govt. Code §§ 815.2, 815.6, 820, 820.4 & C.C. § 43.55
All Defendants

**Eighth Cause of Action**-Declaratory Relief and Injunctive Relief:
Government Code § 821.6 is Unconstitutional

**Ninth Cause of Action**-Deprivation of Civil Rights & Discrimination:
City of Davis Defendants

to proceed in forma pauperis and dismissed his second amended complaint because his second amended complaint is unintelligible. See Neitzke v. Williams, 490 U.S. 319, 324, 327-28 (1989)." Plaintiff did not further pursue the matter.

In April 2002, plaintiff commenced Howard Alan Zochlinski v. The University of California et al., Civ. S 02-2336 LKK DAD PS.  That complaint, both as originally filed and as amended, is virtually identical to the pending complaint.  The court granted plaintiff's application to proceed in forma pauperis but dismissed the complaint with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)[10] for failure to comply with Rule 8(a)(2), finding the allegations of the complaint "so vague and conclusory that [the court] is unable to determine whether the current action is frivolous or fails to state a claim for relief."  October 23, 2002, Order of Magistrate Judge Dale A. Drozd, p. 4.  The court thereafter granted plaintiff's request for extension of time to file an amended complaint but dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2) "without further leave to amend" because it was both frivolous and failed to state a claim.

---

[10]   28 U.S.C. § 1915(e)(2) (as amended 1996) provides in pertinent part:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
    (B) the action or appeal--
        (I)   is frivolous or malicious;
        (ii)  fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

1    As adopted April 21, 2003, by the Honorable Lawrence K.

2  Karlton, Judge Dale A. Drozd found in his Amended Findings and

3  Recommendations filed March 14, 2003 (pp. 3-4):

4          The amended complaint contains essentially the same
           allegations as plaintiff's initial attempt to state a
5          claim, which the undersigned found to be deficient.  It
           alleges that plaintiff "has been involved with the
6          University of California as a student and/or employee from
           1971 through 1976 and 1984 through 1992." (Am. Compl. At
7          8.)  According to the amended complaint, plaintiff's
           efforts to attend and/or work at the University have been
8          thwarted by the more than one hundred named defendants,
           including the Regents of the University of California and
9          various departments and faculty, staff and students
           associated with the University of California system over
10         the past thirty years.  Plaintiff's amended complaint is
           fifty-five pages long and difficult to decipher.  It
11         contains the same litany of purported federal claims,
           including a purported claim under the Thirteenth Amendment.
12         It also repeats the same list of alleged state law claims,
           such as conspiracy and defamation, and attempts to allege a
13         claim under the California Penal Code.  Finally, in his
           amended complaint plaintiff again prays that this court
14         "assume jurisdiction over the University of California" and
           order that plaintiff "be given a tenured professorship at
15         the UC campus of his choice." (Am. Compl. At 54).  In his
           amended complaint plaintiff seeks $150 million in damages.
16         . . . The undersigned finds that plaintiff's complaint is
           legally frivolous and fails to state a claim upon which
17         relief can be granted.

18         Judge Karlton opined that plaintiff's subsequent appeal

19  to the Ninth Circuit was "not taken in good faith for the reasons

20  expressed in the magistrate judge's findings and

21  recommendations."  Order filed May 30, 2003.  Plaintiff paid the

22  filing fee on appeal and the Ninth Circuit affirmed without

23  discussion on June 28, 2005.

24         Plaintiff filed the present action in state court on July

25  25, 2003, three months after this court dismissed Civ. S 02-2336

26  LKK DAD PS and while his appeal on that matter was pending in the

1  Ninth Circuit.

2       Defendants move to dismiss pursuant to Fed. R. Civ. P.

3  12(b)(6) on the ground plaintiff has failed to state a claim upon

4  which relief can be granted.

5       As a general rule, on a motion to dismiss pursuant to

6  Fed. R. Civ. P. 12(b)(6), the court must accept plaintiff's

7  allegations as true, read the complaint most favorably to

8  plaintiff, give plaintiff the benefit of every reasonable

9  inference that appears from the pleading and argument of the case

10 and dismiss the complaint only if it is clear that no relief

11 could be granted under any set of facts that could be proved

12 consistent with the allegations.  Wheeldin v. Wheeler, 373 U.S.

13 647, 658 (1963); Retail Clerks International Association, Local

14 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 754, n. 6 (1963);

15 Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  "A Federal

16 Rule 12(b)(6) dismissal is inappropriate unless it appears beyond

17 doubt that the plaintiff can prove no set of facts in support of

18 the claim entitling plaintiff to relief.  The district court's

19 dismissal of a complaint without leave to amend . . . is improper

20 unless it is clear that the complaint could not be saved by any

21 amendment."  Livid Holdings Ltd. v. Salomon Smith Barney, Inc.,

22 __ F. 3d___, 2005 WL 1803885, *3 (9th Cir. 2005) (citations

23 omitted).

24       The pending complaint is substantively distinguishable

25 from the complaint dismissed in Civ. S 02-2336 LKK DAD PS in only

26 the following negligible ways:  (1) the pending complaint

includes as defendants the *category* "Former Regents" while the prior complaint listed former regents by name; (2) the pending complaint names two new defendants--"V. Chancellor Judy Sakaki" and "Douglas Minnis"--both of whom are U.C. Davis administrators; (3) the pending complaint includes more recent "facts," and (4) the introductory caption of the pending complaint lists "new" claims of "abusive/illegal use of police power," "violations of plaintiff's liberty and property rights," "fraud," "deliberate and/or negligent misuse of personnel under color of state authority," and "deliberate and/or negligent mistraining of personnel;" dropped were "libel and slander," "harassment and discrimination," and "conspiracy."  ALL of these allegations were included in some form in Civ. S 02-2336 LKK DAD PS, the allegations of abusive police practices more specifically in Civ. S 95-1687 DFL DAD PS.[11]

---

[11]  The final complaint dismissed in <u>Howard Alan Zochlinski v. The University of California et al.</u>, Civ. S 02-2336 LKK DAD PS formally asserted the following causes of action (Complaint, at pp. 45-53) (note the similarities of these causes of action with those of the present complaint as set forth in note 3, supra):

**First Cause of Action**-Intentional Tort:  Deprivation of Civil Rights:  University Defendants-Interference with Educational and Career Goals and Advancement & Breach of Contract

**Second Cause of Action**-Intentional/Negligent Tort:  Deprivation of Civil Rights:  University Defendants-Interference with Educational and Career Goals and Advancement; Deny & Prevent Employment & Breach of Contract

**Third Cause of Action**-Intentional Tort:  Deprivation of Civil Rights:  University Defendants-Interference with Educational & Career Goals & Advancement; Breach of Contract; Deny & Prevent Employment & Breach of Contract:-Libel, Slander and Defamation of Character

These minor variations in the complaints do not create substantive distinctions or new causes of action.

Dismissal of plaintiff's complaint without leave to amend is therefore warranted on the following several grounds.

First, the pending complaint, like those previously filed, fails to comply with Fed. R. Civ. P. 8(a)(2).  Plaintiff again has failed to align his expansive claims with specific defendants and time periods and thus failed to provide

**Fourth Cause of Action**-Intentional Tort:  Deprivation of Civil Rights:  University Defendants-Interference with Educational and Career Goals and Advancement; Breach of Contract-Libel, Slander and Defamation of Character

**Fifth Cause of Action**-Deprivation of Civil Rights & Discrimination:  University Defendants-Policy, Custom and Practice & Class Action

**Sixth Cause of Action**-Deprivation of Civil Rights, California C.C. [Civil Code] §§ 51, 51.5, 51.7, 52, 52.1, and 52.3:  All Defendants

**Seventh Cause of Action**-Breach of Contract
[*dropped as separate cause of action in pending complaint but incorporated in first, third and fourth causes of action*]

**Eighth Cause of Action**-Relief as Court Deems Appropriate Based on the Facts

**Ninth Cause of Action**-Special Allegation of Racial Animus
[*dropped as separate cause of action in pending complaint*]

**Tenth Cause of Action**-Special Allegation of Continuing Harm
[*dropped as separate cause of action in pending complaint*]

**Eleventh Cause of Action**-Special Allegation of Invasion of Privacy and Animus Based on Disability
[*dropped as separate cause of action in pending complaint*]

**Eleventh Cause of Action** [sic]- Special Allegation of Conspiracy

**Twelfth Cause of Action**-Declaratory Relief: That California Government Code § 821.6 is Unconstitutional

intelligible statements of his claims and entitlement to relief. The complaint fails to articulate any viable claim.

The complaint should be dismissed without leave to amend. The determination that a complaint cannot be "saved by amendment" depends upon the same factors underlying the court's assessment whether to deny leave to amend under Fed. R. Civ. P. 15(a). Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-1052 (9th Cir. 2003). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962) (Rule 15(a)). "Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight. Prejudice is the touchstone of the inquiry under Rule 15(a). Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, 316 F.3d at 1052 (citations and internal quotations omitted).

Applying these considerations to the pending complaint,

it is clear that granting plaintiff leave to amend would be futile.  Plaintiff has demonstrated time and again his inability to cure deficiencies in his complaints despite ample opportunity, specific instructions and repeated extensions of time.  It would, moreover, be unduly prejudicial to defendants to permit further amendment of the pending complaint.  Defendants have been tasked for more than ten years with defending the same set of facts in state and federal court.  Plaintiff's repeated filings coupled with his failure adequately to present his claims suggests harassment as a motive this court should not further tolerate.

Plaintiff's complaint should also be dismissed without leave to amend based on principles of res judicata.  Before the 1996 amendment of section 1915, dismissal of a complaint pursuant to the in forma pauperis statute was without prejudice to the court's reconsideration of the complaint upon payment of the filing fee.  "Because a § 1915(d) dismissal [was] not a dismissal on the merits, but rather an exercise of the court's discretion under the in forma pauperis statute, the dismissal [did] not prejudice the filing of a paid complaint making the same allegations.  It could, however, have a res judicata effect on frivolousness determinations for future in forma pauperis petitions."  Denton v. Hernandez, 504 U.S. 25, 34 (1992).  "A dismissal under section 1915(d) . . . [was] not a dismissal on the merits or a bar to the filing of a paid complaint:  it mean[t] only that the litigant may not file the complaint at government expense."  Bator v. State of Hawaii, 39 F.3d 1021,

1  1026 (9th Cir. 1994), citing <u>Denton</u>.[12]

2      In contrast, dismissal with prejudice after leave to
3  amend for failure to state a claim under section 1915(e)(2)(B)
4  (ii) appears to be res judicata for all further purposes.

5      Section 1915(e)(2)(B)(ii) permits dismissal of an informa
6  pauperis complaint that "fails to state a claim on which relief
7  may be granted."  The Ninth Circuit applies the same de novo
8  standard in reviewing a dismissal under 28 U.S.C. §
9  1915(e)(2)(B)(ii) as it does in reviewing a dismissal under Fed.
10 R. Civ. P. 12(b)(6), <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194
11 (9th Cir. 1998),[13] and the same considerations are required by the
12 district courts in determining whether to dismiss under either
13 standard.  Hence, after granting leave to amend,[14] Judge Drozd in
14 Civ. S 02-2336 LKK DAD PS set forth the Rule 12(b)(6) standard
15 before recommending dismissal under section 1915(e)(2).

16      Since a dismissal for failure to state a claim under Fed.

---

18  [12]  Moreover, under section 1915(d), a complaint that failed to state a
19  claim was not automatically frivolous and could not be dismissed on that basis
    alone.  <u>Neitzke v. Williams</u>, supra, 490 U.S. at 331, 327 (section 1915(d)
20  "accords judges not only the authority to dismiss a claim based on an
    indisputably meritless legal theory, but also the unusual power to pierce the
21  veil of the complaint's factual allegations and dismiss those claims whose
    factual contentions are clearly baseless").

22  [13]  The Ninth Circuit held in <u>Barren v. Harrington</u>, 152 F.3d at 1194,
23  "The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of
    Civil Procedure 12(b)(6).  We join our sister circuits and employ the same de
24  novo standard to review such dismissals as we use to review dismissals
    pursuant to 12(b)(6)."

25  [14]  Leave to amend should be afforded equally to pro se plaintiffs
    proceeding in forma pauperis and on a fee-paid basis.  <u>Lopez v. Smith</u>, 203
26  F.3d 1122, 1128 (9th Cir. 2000).

1  R. Civ. P. 12(b)(6) is a judgment on the merits (<u>Federated</u>

2  <u>Department Stores, Inc. v. Moitie</u>, 452 U.S. 394, 399, n. 3

3  (1981), and cases cited therein), the same is true of a

4  dismissal for failure to state a claim under 28 U.S.C. §

5  1915(e)(2)(B)(ii).[15]  "Under res judicata, a final judgment on the

6  merits bars further claims by parties or their privies based on

7  the same cause of action.  Res judicata prevents litigation of

8  all grounds for, or defenses to, recovery that were previously

9  available to the parties, regardless of whether they were

10  asserted or determined in the prior proceeding.  Res judicata

11  thus encourages reliance on judicial decisions, bars vexatious

12  litigation, and frees the courts to resolve other disputes."

13  <u>Brown v. Felsen</u>, 442 U.S. 127, 131 (1979) (citations and internal

14  quotations omitted).

15       The two additional defendants named by plaintiff are both

16  U.C. Davis administrators and hence are in privity with the

17  defendants in Civ. S 02-2336 LKK DAD PS.  The recaptioning and

18  reorganization of plaintiff's claims assert nothing new or, more

19  generously, assert nothing that plaintiff was precluded from

20  asserting in the prior proceeding.

21       These findings and recommendations are submitted to the

22  Honorable David F. Levi, the United States District Judge

23  assigned to this case.  28 U.S.C. § 636(b)(1).  Written

24  _____

25      [15]  This conclusion is supported under these facts by the adversarial
    process inherent in a 12(b)(6) motion.  See <u>Neitzke v. Williams</u>, supra, 490

26  U.S. at 329-330 (under Rule 12(b)(6) a plaintiff is accorded notice of the
    motion to dismiss and an opportunity to respond).

1 objections may be filed within ten days after being served with

2 these findings and recommendations.  The document should be

3 captioned "Objections to Magistrate Judge's Findings and

4 Recommendations."  The failure to file objections within the

5 specified time may waive the right to appeal the District Court's

6 order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

7        Dated:  September 7, 2005.

8                                  <u>  /s/ Peter A. Nowinski       </u>
                                   PETER A. NOWINSKI
9                                  Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26